1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MARY ANN RICHARDSON,              Case No.: CV 16-4154 AS

12                 Plaintiff,
                                       **MEMORANDUM OPINION**
13        v.

14   NANCY A. BERRYHILL[1],
     Acting Commissioner of Social
15   Security,

16                 Defendant.

17

18

19                          **PROCEEDINGS**

20

21        On June 10, 2016, Plaintiff Mary Ann Richardson filed a

22   Complaint seeking review of the denial of her application for a

23   period of disability, Disability Insurance Benefits ("DIB"), and

     Supplemental Security Income ("SSI").   (Docket Entry No. 1).
24
     The parties have consented to proceed before a United States
25

26   _____

          [1]   Nancy A. Berryhill is now the Acting Commissioner of the
27   Social Security Administration and is substituted in for Acting
     Commissioner   Carolyn    W.   Colvin   in   this   case.
28   See  42  U.S.C.  §  205(g).

Magistrate Judge.  (Docket Entry Nos. 10, 12).  On October 26, 2016, Defendant filed an Answer to the Complaint along with the Administrative Record ("A.R.").  (Docket Entry Nos. 16, 17). The parties filed a Joint Stipulation ("Joint Stip.") on January 19, 2017, setting forth their respective positions regarding Plaintiff's claim.  (Docket Entry No. 18).  The Court has taken this matter under submission without oral argument.  See C.D. Cal. L.R. 7-15.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 30, 2012, Plaintiff, formerly employed as an in-home care giver as well as in "managing/inventory" at Canvas Art Painting Company (A.R. 247-249), filed an application for SSI, alleging disability beginning May 1, 2005.  (A.R. 49). Plaintiff alleged disability due to fibromyalgia, disc disease, possible lupus, and depression.  (Id.).

On January 6, 2015, Administrative Law Judge ("ALJ") Robert A. Evans heard testimony from Plaintiff, vocational expert ("VE") Carmen Roman, and medical expert Dr. Hugh Savage.  (A.R. 27-48).  Dr. Savage reviewed and summarized the medical record, including the October 2012 consultative examination with state agency medical consultant Dr. Elliott Gilpeer.  (Id.).

On February 5, 2015, ALJ Evans issued a decision finding that Plaintiff was not disabled under the Social Security Act. (A.R. 11-21).  The ALJ found that Plaintiff suffered from the following medically determinable severe impairments: a back

2

disorder, mild lumbar arthritis, hypertension, obesity. (A.R. 13). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work as defined in 20 CFR 416.967(b)[3], with the following limitations: no climbing ladders/ropes/scaffolds; frequently climb stairs/ramps, stoop, crouch, crawl; and no concentrated exposure to unprotected heights or moving machinery. (A.R. 15).

Based on Plaintiff's RFC, as well as her age, education, and work experience, and the finding that Plaintiff had no past relevant work, the ALJ determined that Plaintiff could perform work as a counter clerk (DOT No. 249.366-010), office helper (DOT No. 239.567.010), or merchandise marker (DOT No. 209.587-034). (A.R. 19-20). Accordingly, the ALJ found that Plaintiff was not disabled[4] within the meaning of The Social Security Act. (A.R. 20).

---

[2]   A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3]   "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

[4]   Plaintiff amended her disability onset date to May 1, 2012 at the hearing.

In reaching his decision, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent that they were inconsistent with the ALJ's RFC assessment. (A.R. 16). The ALJ's credibility determination was based on his finding that Plaintiff's alleged functional limitations were inconsistent with the objective medical evidence as well as Plaintiff's activities of daily living. (Id.).

The ALJ declined to give substantial weight to the opinion of Plaintiff's treating physician, Dr. Thelma T. Fernandez. (A.R. 18). While acknowledging that Dr. Fernandez had the opportunity to examine and treat Plaintiff, the ALJ found that Dr. Fernandez's opinion was "not supported with a rationale or an identification of the signs and laboratory findings warranting such an opinion" and was not consistent with the medical record as a whole. (Id.). Instead, the ALJ found that Dr. Fernandez's conclusion that Plaintiff was disabled "essentially adopt[ed]" Plaintiff's statements without "objectivity or balance". (Id.). The ALJ also noted that, to the extent that Dr. Fernandez opined on the ultimate issue of disability, she "tread[ed] on an issue reserved for the Commissioner." (Id.).

On March 2, 2015, Plaintiff sought review of the ALJ's decision before the Appeals Council. (A.R. 7). The request was denied on April 15, 2016. (A.R. 1-3). The ALJ's decision then

became the final decision of the Commissioner, allowing this Court to review the decision.   See 42 U.S.C. §§ 405(g), 1383(c).

### PLAINTIFF'S CONTENTION

Plaintiff contends that the ALJ erred in failing to provide specific and legitimate reasons for rejecting the opinion of her treating physician, Dr. Thelma T. Fernandez.   (Joint Stip. 4).

### STANDARD OF REVIEW

This court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. 42 U.S.C § 405(g); see Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). It is relevant evidence "which a reasonable person might accept as adequate to support a conclusion." Hoopai, 499 F. 3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citation omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.

2006) (inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Commissioner's] decision simply by isolating a specific quantum of support evidence, but must also consider evidence that detracts from [the Commissioner's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and internal quotation marks omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, [a] court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that the ALJ's decision is supported by substantial evidence and is free from material[5] legal error.

---

[5] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

**A.    The    ALJ    Provided    Specific    And    Legitimate    Reasons    For
Rejecting The Opinion Of Plaintiff's Treating Physician**

Plaintiff complains that the ALJ failed to provide any specific and legitimate reasons for rejecting treating physician Dr. Fernandez's medical opinion. (Joint Stip. at 4). Plaintiff asserts that Dr. Fernandez's opinion must be accepted as a matter of law, resulting in a finding of disability. (Joint Stip. at 6). The Court disagrees.

On May 21 and 22, 2012, Dr. Fernandez completed a medical form in which she noted that Plaintiff suffers from fibromyalgia, neuropathy in extremities, degenerative back disease, and was being tested for lupus. (A.R. 370-372). Dr. Fernandez also noted that, in an eight-hour workday, Plaintiff can only sit or stand for fifteen minutes at a time. (Id.). Dr. Fernandez also checked off boxes on the form indicating that Plaintiff can occasionally lift ten, but never more than fifteen, pounds and can never climb, balance, stoop, kneel, crouch, crawl, or reach. (A.R. 372). Dr. Fernandez commented that Plaintiff is disabled in all factors and needs "in home care." (A.R. 371).

With respect to Dr. Fernandez's opinion, the ALJ stated the following:

The undersigned gives minimal weight to the claimant's treating source opinion. Although this source did have the opportunity to examine and treat the claimant, the

7

opinions offered are not supported with a rationale or an identification of the signs and laboratory findings warranting such an opinion.  Moreover, the opinion is not consistent with the other medical records as a whole.  Instead, it essentially adopts the claimant's statements without objectivity or balance.  Finally, to the extent the source opines on the ultimate issue of disability, she treads on an issue reserved for the Commissioner.  Hence, the opinion is not entitled to controlling weight under 20 CFR Sections 404.1527 and/or 416.927.

(A.R. 18).

In general, "[t]he opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).  But a treating physician's opinion "is not necessarily conclusive as to either the physical condition or the ultimate issue of disability."  Id.  "The ALJ need not accept the opinion of any physician including the treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

When rejecting the uncontroverted opinion of a treating physician, the ALJ must present "clear and convincing reasons."

Id. at 957.   However, where there are conflicting medical opinions, as is the case here, "the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'"   Id. (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ's decision thoroughly summarized the medical evidence in the record (A.R. 15-19), found Dr. Fernandez's opinion that Plaintiff was disabled to be inconsistent with the medical record as a whole and unsupported by an identification of signs or lab findings and, as set forth below, specified the inconsistencies and lack of support for Dr. Fernandez's opinion. The ALJ's decision was supported by the record.

As a threshold matter, the fact that Dr. Fernandez's opinion was expressed through a standardized, check-the-box form that provided no supporting reasoning or clinical findings provides support for affording it minimal weight.   See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (ALJ properly discounted physician's assistant's opinion when it "consisted primarily of a standardized, check-the-box form in which she failed to provide supporting reasoning or clinical findings, despite being instructed to do so").   Ultimately, it would be "error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported . . . or if it is inconsistent with the other substantial evidence."   Social Security Ruling 96-2p.

The ALJ noted that on the May 2012 medical form, Dr. Fernandez stated that Plaintiff suffers from "fibromyalgia," but "fibromyalgia" is only once mentioned at a May 26, 2010 exam with no follow up and Dr. Fernandez did not cite to any laboratory findings or objective evidence in the record to support such a diagnosis.  (A.R. 17, 371-372).  The ALJ summarized and discussed the testimony of medical expert Dr. Hugh Savage, who stated that he "looked very carefully" through Plaintiff's medical records for anything alarming regarding fibromyalgia and stated that he "saw no indication of actual examination which would reveal in any consistent matter, but especially so, the consultative exam ... showed no specifically stated, no indication of any type of characteristic pain seen with FM."  (A.R. 32).   Dr. Savage also testified that Plaintiff's medical records showed a normal sedimentation rate, meaning that there was no inflammation in her body.  (A.R. 17, 32, 477-498).

Additionally, while Dr. Fernandez indicated that Plaintiff was being tested for lupus (A.R. 371), Dr. Savage testified that Plaintiff's 2012 anti-DNA, anti-smooth muscle, and ANA test results, which are "important for assessing lupus", were negative.  (A.R. 17, 32, 488).

Moreover, while Dr. Fernandez stated on the medical form that Plaintiff suffers from neuropathy in extremities, degenerative back disease, and is disabled in all factors (A.R. 371), the results from Plaintiff's October 2012 consultative examination with state agency medical consultant Dr. Elliott

1   Gilpeer indicate that she had "five out of five" muscle strength

2   and a negative straight-leg raising test. (A.R. 19, 34, 68, 70-

3   72).

4

5       The ALJ also considered an October 24, 2012 CT scan of the

6   abdomen and pelvis which revealed mild degenerative changes of

7   the lower lumbar spine as well as an August 21, 2010 lumbar

8   spine MRI showing only mild discogenic disease with no central

9   spinal stenosis. (A.R. 18, 401-402, 420-421).

10

11      Thus, the Court finds that the ALJ provided specific and

    legitimate reasons for affording minimal weight to Dr.

12  Fernandez's opinion.

13

14      The ALJ also rejected Dr. Fernandez's opinion based on his

15  finding that Dr. Fernandez relied on Plaintiff's statements of

16  her symptoms and limitations "without objectivity or balance."

17  (A.R. 18). Plaintiff argues that the ALJ did not elaborate on

18  this conclusory statement by "identifying any evidence

19  whatsoever that would cast doubt on the treating physician's

20  professionalism or objectivity." (Joint Stip. 5). However, the

21  ALJ made this finding after a thorough discussion of the fact

22  that Dr. Fernandez did not cite to any objective evidence to

23  support her opinion and, therefore, reasonably concluded that

24  Plaintiff's statements were the source of Dr. Fernandez's

25  opinion.

26

27      "An ALJ may reject a treating physician's opinion if it is

28  based to a large extent on a claimant's self-reports that have

11

been properly discounted as incredible." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) ("[A]n opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been properly discounted.")

Moreover, the ALJ also found Plaintiff's credibility to be at issue because her pain allegations were not supported by objective evidence and were inconsistent with her activities of daily living. (A.R. 15-19).

Although a claimant's subjective complaint "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Lack of supporting objective medical evidence is a consideration for the ALJ in evaluating credibility. See 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (in determining disability, an ALJ will evaluate a claimant's statements about the intensity, persistence and limiting effects of her symptoms "in relation to the objective medical evidence and other evidence"). Here, after reviewing the medical record, the ALJ found that the objective medical evidence did not fully support Plaintiff's complaints of total disability.

Plaintiff's pain allegations were also inconsistent with statements regarding her daily living. For instance, while Plaintiff testified that she uses her walker "90 percent of the

time" as well as from "room to room" in her home (A.R. 18, 33, 43), Dr. Savage testified that there is no mention of a walker from her October 2012 consultative exam with the state agency consultant. (A.R. 18, 34, 70-72). The ALJ also found that Plaintiff's claims of total disability conflicted with her activities of daily living including dressing, preparing simple meals, paying bills, counting change, handling a savings account, using a checkbook/money order, shopping, swimming (to relieve pain), talking with her daughter, making phone calls, reading the bible, and attending bible study. (A.R. 16, 252-267). The ALJ further found that Plaintiff's testimony that she "can't do laundry" but that she has a neighbor that helps her lift her laundry into his truck, drives her across the street, and unloads it for her so that she can do a "couple loads at a time," lacked credibility. (A.R. 16, 42).

Similarly, while Plaintiff testified that she suffers side effects from her medications, including vertigo and extreme dizziness (A.R. 38), the ALJ noted that "the treatment notes reflect that the medication was adjusted or changed" in response to side effects. (A.R. 16).

Accordingly, the ALJ's finding that Dr. Fernandez's opinion was unpersuasive to the extent that it relied on Plaintiff's subjective symptoms was also a specific and legitimate reason for rejecting Dr. Fernandez's opinion about the limiting effects of Plaintiff's symptoms.

**ORDER**

For all of the foregoing reasons, the decision of the Commissioner is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 30, 2017.

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

14